IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| TAVIS BARROW, | : | |
| | : | |
| Plaintiff, | : | Case No.: 3:24-cv-00105-TES-CHW |
| | : | |
| V. | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| CO FLYNN, | : | Before the U.S. Magistrate Judge |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Plaintiff Tavis Barrow, *pro se*, filed this suit pursuant to 42 U.S.C. § 1983, regarding his incarceration in the Walton County Jail. (Doc. 1). Following screening of Plaintiff's complaint, excessive force claim against Defendant Flynn was allowed to proceed for factual development. (Docs. 7, 10). A waiver of service was issued and mailed to Defendant Flynn on March 27, 2025 (Docs. 8, 9), but the docket does not reflect that service has yet been waived.

Pending before the Court are what have been docketed as various discovery requests and motions. (Doc. 11-13). As explained in the screening recommendation (Doc. 7, p. 9-10), discovery will not commence in this action until Defendant Flynn has been served and answers the complaint. Because Defendant Flynn has not yet been served, no answer is due, and discovery has not commenced. Therefore, Plaintiff's discovery motions (Docs. 11-13) are premature and are **DENIED**.

Plaintiff also filed a document which could be liberally construed as a request for court appointed counsel. (Doc. 14). No right to counsel exists in a civil case. *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. *Id.* In deciding whether legal counsel should be appointed, the Court

considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims and the applicable legal doctrines are readily apparent. As such, Plaintiff's request for appointment of counsel (Doc. 14) is **DENIED**. Should it later become apparent that legal assistance is required to avoid prejudice to Plaintiff's rights, then the Court, **on its own motion**, will consider assisting Plaintiff in securing legal counsel at that time.

**SO ORDERED**, this 21st day of May, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge